(13 Misc. Rep. 171.)

JACOBS v. O'GORMAN et al.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

NEGLIGENCE OR NUISANCE—DETERMINING CHARACTER OF ACTION.

In an action for personal injuries alleged to have been caused by the improper condition in which the flagstones were left by the workmen who were engaged in relaying the sidewalk in front of defendants' premises, the court charged, without objection from plaintiff, that defendants had a right to relay the flagstones in front of their premises, and that it was their duty to do so, if necessary to keep the sidewalk in repair. *Held*, that the action was thereby characterized as based on negligence, though plaintiff had stated that he elected to proceed as for the maintenance of a nuisance,

and it was error for the court to eliminate from the charge requested by defendants the element as to the exercise of ordinary care by persons using the sidewalk during the progress of the work.

Appeal from trial term.

Action by Harry C. Jacobs against William O'Gorman and Herman Stursberg for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from two orders denying motions for a new trial, defendants appeal. Reversed.

Argued before BISCHOFF and PRYOR, JJ.

John Brooks Leavitt, for appellants.
Hatch & Wickes, for respondent.

BISCHOFF, J. This action was brought to recover for personal injuries sustained by plaintiff when walking upon the sidewalk of 141st street, opposite the defendants' premises, by reason of the overlapping of one flagstone upon another, which irregularity in the surface of the path caused him to fall. The condition of the sidewalk was due to the fact that workmen, engaged at the instance of the defendants in repairing it, had, at the close of their day's work, upon the evening of the accident, left the flagstones in the position noted. A question as to the nature of the action having been raised at the trial, plaintiff elected to proceed as in an action for the maintenance of a nuisance, but, adopting this theory, an inconsistency in the charge delivered by the trial judge is presented, and exceptions taken to the refusal of certain of defendants' requests to charge present error for which we think a reversal of the judgment should result.

The court charged the jury that "the defendants had a right to take up and relay the flagstones in front of their premises here mentioned," and that "it was the duty of the defendants to keep the sidewalk in front of the premises in repair for the free passage of their tenants and the public along said sidewalk, and, if it became necessary, it was their duty to take up and relay the flagstones to make such repairs." Defendants requested the court to charge that "the only obligation resting upon the defendants during the cessation of the work in making repairs was to leave the same in such a manner and condition as to permit the use of the sidewalk for its ordinary purposes, and in such a condition that persons in the exercise of ordinary care could pass and repass without injury," and excepted to the charge as modified by the omission of the words "in the exercise of ordinary care." Throughout the charge the question of plaintiff's contributory negligence was expressly withheld from the jury, and this would have been proper but for the fact that the law of the case, as laid down in the words first above quoted, and without objection upon the plaintiff's part, defined the action, not as one for a nuisance, but as proceeding upon a state of facts which called for the application of the rules obtaining in an action simply for negligence. Rightly or wrongly, it was charged that the right and duty to repair the sidewalk rested with these defendants. Thus, in so making repairs, which it is not contradicted were necessary,

they did not act wrongfully and without license. Doubtless, it was negligent for the defendants' workmen to leave the sidewalk in the condition noted without lights or surrounding signs of warning other than the evidences of repairs existing in the locality; but was the act unlawful? Clearly not, under the principles governing actions of this character, and in view of the theory adopted at the trial. One who without license obstructs the public streets is liable as a trespasser to any person injured by reason of the obstruction, since by the former's fault a nuisance is created; but where the act giving rise to the obstruction is performed under a license, express or implied, "the rule of liability relaxes its severity, and rests upon the ordinary principles governing actions of negligence. Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132. Necessarily, if, as charged, it was the defendants' duty to repair the sidewalk in front of their premises, in undertaking that duty they were not guilty of a wrongful act. The duty admitted and the "right" to perform it, the performance was an authorized act, and therefore the defendants, though concededly negligent in the performance, were not trespassers, and liable as such for injuries sustained by the plaintiff, and occasioned by the presence of an obstruction raised by them upon the highway in the course of this, at that time, uncompleted performance of the duty imposed. A new trial must result, for the reasons set forth.

Judgment reversed, and new trial ordered, with costs to abide the event.